KIGER, A MINOR, APPELLANT, *v.* CHARITY NEWSIES, INC., ET AL., APPELLEES.

(No. 7119—Decided March 26, 1963.)

*Mr. Judson C. Kistler* and *Mr. R. Brooke Alloway*, for appellant.

*Messrs. Bricker, Evatt, Barton, Eckler & Niehoff*, for appellees.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County, Ohio. Plaintiff-appellant duly filed his petition for damages based on negligence. An answer was filed, pre-trial conference held, and the case called for

trial. At that point it became apparent for the first time, at least to the court, that the petition failed to state a cause of action in that it failed to allege any act of negligence. Appellant moved for leave to amend by alleging acts of negligence. The motion was denied. The court then granted a motion of defendants-appellees for judgment on the pleadings. The entry concludes as follows:

"The petition of plaintiff is dismissed and judgment is rendered for defendants at the costs of the plaintiff. * * *."

The specific question presented is whether under these facts the court erred in granting judgment.

The exact question presented here has been decided by the Supreme Court in *Morton* v. *Fast, Exr.* (1953), 159 Ohio St., 380. A petition and answer had been filed. Defendant then filed a motion "for an order of abatement and dismissal." The third paragraph of the syllabus states:

"Where a motion for judgment on the pleadings is made before trial and at a time when in effect such motion represents no more than a mere substitute for a demurrer to the petition, the plaintiff has the same rights with regard to amendment of a petition as he would have had if such a demurrer had been filed; and, if such motion is granted, plaintiff has the same rights with regard to amendment of his petition as he would have had if such a demurrer had been sustained."

See, also, *Galloway* v. *Columbus-Broad Corp.*, 72 Ohio Law Abs., 315 (Common Pleas Court, Franklin County, 1954). Even in the absence of the *Fast case*, we would think the court was in error in granting judgment.

The question of the overruling of the motion to amend has not been directly presented. However, attention is directed to the provisions of Sections 2309.56 and 2309.58, Revised Code, in the light of the holding in *Fast* that a motion for judgment on the pleadings under these circumstances creates the same rights in the plaintiff as if a demurrer had been filed.

The judgment of the Common Pleas Court is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.